UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF TRUSTEES OF THE LOCAL 295/LOCAL 851 – I.B.T. EMPLOYER GROUP PENSION TRUST FUND and the BOARD OF TRUSTEES OF THE LOCAL 295/LOCAL 851 – I.B.T. EMPLOYER GROUP WELFARE FUND,

Plaintiffs,

vs.

EMPIRE FREIGHT SYSTEMS CORP.,

Defendant.

Case No. 08-525 (LAK) (FM)

**AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT**

STATE OF NEW YORK )
ss.:
COUNTY OF NEW YORK )

Rachel Paster, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice before this Court.

2. I am an associate with the law firm Cary Kane LLP, attorneys for plaintiffs, and am familiar with the facts of this case.

3. This affidavit is made pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure in support of plaintiffs' application for judgment by default against defendant Empire Freight Services Inc. ("Empire Freight"). Said defendant is neither an infant nor an incompetent person.

4. This action was commenced by the filing of a Summons and Complaint in this Court on January 22, 2008. Annexed hereto as Exhibit "A" is a copy of the Complaint.

5. Upon information and belief, a copy of the Summons and Complaint was duly served on defendant Empire Freight on January 28, 2008. Annexed hereto as Exhibit "B" is a copy of the Affidavit of Service. Proof of service of the Summons and Complaint was filed with this Court on January 31, 2008.

6. Jurisdiction of this Court is invoked pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 *et seq*.

7. This action seeks, inter alia, the recovery of contributions owed plaintiffs, the Trustees of the Local 295/851 Employer Group Pension and Welfare Trust Funds (the "Trustees"), in their fiduciary capacity on behalf of the Local 295/851 Pension and Welfare Funds (the "Funds") to collect contributions owed by defendant pursuant to a certain collective bargaining agreement ("Agreement") between Local 295, International Brotherhood of Teamsters and Empire Freight. Under said agreement, defendant became obligated to pay and/or submit required monetary contributions and/or reports to the Funds, for all work performed by the employees of Empire Freight covered by the Agreement. Defendant was also required to submit remittance reports for each month setting forth, *inter alia*, the individuals who worked in covered employment and the contributions due on each such individual's behalf. This suit also seeks interest, liquidated damages, reasonable attorneys' fees and costs provided for by 29 U.S.C. §1132; and such other relief as this Court may deem just and appropriate.

8. The basis for the award of contributions, interest, liquidated damages, reasonable attorneys' fees and costs is set forth in plaintiffs' claim for relief in the Complaint, Exhibit "A", and provided for under ERISA Section 502(g)(2), 29 U.S.C §1132(g)(2).

9. Based on the information available to the plaintiffs, the principal amount of contributions due and owing to the Fund as of the date that this request for default judgment is made is $76,372.50 owed to the Welfare Fund for contributions due for the months April 2006 through November 2006 and June 2007 through January 2008 and $38,866.00 owed to the Pension Fund for contributions due for the months February 2006 through November 2006 and February 2007 through January 2008.

10. Empire Freight also owes interest on the unpaid contributions, from the date such contributions were due through March 31, 2008. Specifically Empire Freight owes interest in the amount of $9,325.67 to the Welfare Fund for unpaid contributions to the Welfare Fund due the months of April 2006 to November 2006; $3,656.43 in interest to the Welfare Fund for contributions to the Welfare Fund for the months of December 2006 to May 2007 that Empire Freight paid late, and $897.99 to the Welfare Fund for contributions to the Welfare Fund due for the months of July 2007 through January 2008. Empire Freight also owes interest in the amount of $4,097.99 to the Pension Fund for unpaid contributions to the Pension Fund due for the months February to November 2006, $615.01 in interest to the Pension Fund for contributions to the Pension Fund for the months December 2006 to January 2007 that Empire Freight paid late, and $975.83 to the Pension Fund for unpaid contributions to the Pension Fund for the months February 2007 through January 2008. The total amount of interest due is $19,568.92 (consisting of a total $13,880.09 due the Welfare Fund and $5,688.83 due the Pension Fund.)

11. Pursuant to the Funds' Trust Agreement and Section 502(g)(2) of ERISA, the Funds also seek liquidated damages in the amount of $23,047.70, consisting of 20% of the unpaid contributions.

12. In addition, the Trustees have incurred costs in this litigation of $446.00, consisting of a $350.00 court filing fee and a $96.00 fee for service of process.

13. The amount of damages pursuant to ERISA claimed due and owing to the Fund, including, interest liquidated damages and costs of this litigation total $43,062.62, as set forth in paragraphs 10 through 12 above.

14. Plaintiffs are further entitled to reasonable attorneys' fees of this proceeding.

15. The amount of reasonable attorneys' fees recoverable pursuant to ERISA, 29 U.S.C. §1132, as more fully described in the accompanying Affidavit in Support of Attorneys' Fees of Rachel Paster, is $3,618.75.

16. The total amount of liquidated damages, interest, costs, and attorneys' fees claimed due and owing to the Funds pursuant to ERISA is $46,680.62.

17. Plaintiffs are therefore entitled to a judgment in the amount of $161,919.87. And interest will continue to accrue on the unpaid contributions at the prime interest rate.

18. Defendant has neither appeared nor answered in this action; plaintiffs are therefore entitled to a default judgment without an inquest pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

WHEREFORE, plaintiffs respectfully request this Court to enter judgment in their favor against defendant Empire Freight Services, Inc. in the amount of $161,919.87 for plaintiffs and that interest accrue at the applicable prime interest rate from the day the judgment is entered to the date that it is paid.

Rachel S. Paster

Sworn to before me this
20th day of March 2008

Notary Public

JANET I. CRUZ-DIAZ
Notary Public, State of New York
No. 01CR6018875
Qualified in Richmond County
Commission Expires January 19, 20 11

# EXHIBIT A




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LOCAL 295/LOCAL 851 – I.B.T. EMPLOYER GROUP PENSION TRUST FUND and the BOARD OF TRUSTEES OF THE LOCAL 295/LOCAL 851 – I.B.T. EMPLOYER GROUP WELFARE FUND, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| EMPIRE FREIGHT SYSTEMS CORP., | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs, the Board of Trustees of the Local 295/Local 851 – I.B.T. Employer Group Pension Trust Fund (the "Pension Fund") and the Board of Trustees of the Local 295/Local 851 – I.B.T. Employer Group Welfare Fund (the "Welfare Fund") (collectively, the "Plaintiffs" or the "Funds"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

Nature of the Action

1. This is an action brought by fiduciaries to enforce the provisions of a collective bargaining agreement, trust agreements, a settlement agreement, and other plan documents, as well as statutory obligations imposed on the defendant Empire Freight Systems Corp. ("Empire Freight") by Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145.

Jurisdiction and Venue

2. This Court has jurisdiction pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, and 1145, and pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

3. Venue properly lies in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

The Parties

4. Plaintiffs have been, at all times material hereto, fiduciaries of the Funds. The Funds are both multiemployer employee benefit plans, which are administered in the County of New York by Savasta and Company, 60 Broad Street, 27th Floor, New York, NY 10004. Both Funds are collectively-bargained, jointly-trusteed funds organized and operating pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor-Management Relations Act ("LMRA").

5. Upon information and belief, defendant Empire Freight was, at all times material hereto, an "employer" "affecting commerce" as defined by Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7), and is located at 147-20 184th Street, Jamaica, NY 11413.

Collective Bargaining Agreement

6. Defendant Empire Freight was, at all times relevant to the claims herein, party to a collective bargaining agreement ("CBA") with Local Union 295 (the "Union").

7. The CBA covers the terms and conditions of defendant Empire Freight's employees represented by the Union for the period relevant hereto.

8. The CBA provides that contributions are to be made to the Funds by defendant Empire Freight on behalf of all bargaining unit employees.

9. Under the CBA, pension and health and welfare contributions are due on or before the tenth (10th day) of the succeeding month on account of contributions due for the immediately preceding month.

10. The CBA provides that the Funds' Trust Agreements are incorporated into the CBA as though fully set therein.

The Funds' Trust Agreements and Other Plan Documents

11. The Funds' Trust Agreements provide that as a party to the CBA, defendant Empire Freight agrees to be bound by the terms of the Funds' Trust Agreements. The Trust Agreements also provide that each Fund's trustees may bring any action to enforce the agreements and to recoup unpaid contributions due the Funds.

12. The Funds' Trust Agreements and the Funds' Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions provide that delinquent contributions are subject to: (1) attorneys' fees and disbursements; (2) court costs; (3) the costs attributable to any audit; (4) interest equal to the annual prime rate of interest quoted in the New York Times as of the date on which the Employer's contributions were due and payable (or the next business day if that date is not a business day), plus five percent (5%); (5) liquidated damages equal to the greater of (i) interest on the unpaid contributions or (ii) twenty percent (20%) of the unpaid contributions; and (6) other legal or equitable relief as a court deems appropriate.

The Settlement Agreement

13. Empire Freight failed and refused to make contributions to the Pension Fund for the period February 2006 though November 2006 and to the Welfare Fund for the period April 2006 through November 2006.

14. As a result of Empire's failure to make contributions set forth above, Empire entered into an agreement (the "Settlement Agreement") to repay the Fund the delinquent contributions at the rate of $2,000.00 per month, as well as interest on the unpaid contributions.

15. The Settlement Agreement provided, *inter alia*, that in the event of Empire Freight's default on the agreement, the Funds had the right to accelerate the entire balance due, as well as seek interest at the rate specified in the Funds' Policy for Collection of Delinquent Contributions, Audits and Mistaken Contributions, which is the prime rate plus five percent, as well as seek liquidated damages, costs, and reasonable attorneys' fees in accordance with the CBA, trust agreements, and ERISA Section 502(g).

16. Empire began making payments pursuant to the Settlement Agreement, but failed to pay the remaining contributions and interest due and owing under the Settlement Agreement. Specifically, Empire still owes the Pension Fund $18,212.50 for contributions for February 2006 through November 2006 and owes the Welfare Fund $43,680.00 for contributions for April 2006 through November 2006.

17. Pursuant to the Settlement Agreement, Empire Freight was also required to pay interest at the rate set forth in the Funds' Trust Agreements. Empire has failed to pay such interest.

<u>Delinquent Contributions</u>

18. In addition to the contributions due pursuant to the Settlement Agreement, defendant Empire Freight has also failed to remit contributions to the Welfare Fund for the months of June through November 2007 in the estimated amount of $30,267.50 and to the Pension Fund for the months of February 2007 through November 2007 in the estimated amount of $18,448.50.

Interest on Contributions Paid Late

19. In addition to failing to pay certain contributions, Empire Freight paid certain contributions to the Funds late, such that the Funds are entitled to interest on these late-paid contributions. Specifically, Empire Freight paid its contributions to the Welfare Fund for the months of December 2006 through May 2007 late, and incurred interest charges of $3,656.43. Empire Freight also paid its contributions to the Pension Fund for the months of December 2006 and January 2007 late, and incurred interest charges of $615.01.

First Claim for Relief: Settlement Agreement Breach

20. Defendant Empire Freight has breached the Settlement Agreement and the Funds are entitled to a minimum of $61,893.00, along with attorneys' fees and disbursements, court costs, interest, and liquidated damages, as provided for under the terms of the Settlement Agreement, the Funds' Trust Agreements, the Funds' Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions, and under section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

Second Claim for Relief: Delinquent Contributions

21. Defendant Empire Freight is obligated, pursuant to the CBA, to remit contributions to the Funds.

22. In addition to the contributions due pursuant to the Settlement Agreement to the Welfare Fund for the period April 2006 to November 2006 and to the Pension Fund for the period February 2006 to November 2005, defendant Empire Freight has also failed to remit contributions to the Welfare Fund for the months of June through November 2007 and to the Pension Fund for the months of February 2007 through November 2007, in a total estimated amount of $48,716.00.

23. The Funds have demanded that defendant Empire Freight remit delinquent amounts, and defendant Empire Freight has failed and refused to do so.

24. Plaintiffs bring a claim under ERISA Section 515, 29 U.S.C. § 1145, to enforce the terms of the CBA, the Funds' Trust Agreements, and other plan documents, and to collect contributions owed pursuant to their terms, along with interest thereon, attorneys' fees and disbursements, court costs, and liquidated damages, as provided for under the terms of the Funds' Trust Agreements, the Funds' Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions, and under section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

Third Claim for Relief: Interest on Late-Paid Contributions

25. Defendant Empire Freight is obligated, pursuant to the CBA, to remit contributions to the Funds in a timely fashion.

26. In addition to the delinquencies set forth above, defendant Empire Freight failed to timely remit contributions to the Welfare Fund for the period December 2006 through May 2007 and to the Pension Fund for the months of December 2006 and January 2007, in a total estimated amount of $4,271.44.

27. The Funds have demanded that defendant Empire Freight remit the interest due as set forth above, and defendant Empire Freight has failed and refused to do so.

28. Plaintiffs bring a claim under ERISA Section 515, 29 U.S.C. § 1145, to enforce the terms of the CBA, the Funds' Trust Agreements, and other plan documents, and to collect the interest on late-paid contributions, along with attorneys' fees and disbursements, court costs, and liquidated damages, as provided for under the Funds' Trust Agreements, the Funds' Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions, and under section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

Prayer for Relief

WHEREFORE, plaintiffs pray that the Court enter judgment in their favor and against defendant and more particularly that the Court grant the plaintiffs the following relief, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), as amended, and by the terms of the CBA, the Funds' Trust Agreements, and the Funds' Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions:

(a) Order defendant Empire Freight to pay all delinquent contributions owed, in an amount currently estimated at $110,608.50, (consisting of $40,932.44 due to the Pension Fund and $73,947.50 due to the Welfare Fund);

(b) Order defendant Empire Freight to pay interest on late-paid contributions, in the amount of $4,271.44 (consisting of $615.01 due to the Pension Fund and $3,656.43 due to the Welfare Fund);

(c) Order defendant Empire Freight to pay liquidated damages on the unpaid contributions;

(d) Order defendant Empire Freight to pay pre- and post-judgment interest on the unpaid contributions;

(e) Order defendant Empire Freight s to pay the plaintiffs' costs, attorneys' fees, and disbursements; and

(f) Grant plaintiffs such other and further relief as the Court may deem just and proper.

DATED: January 17, 2008

Cary Kane LLP

By: [signature]

Rachel S. Paster (RP 1216)
Cary Kane LLP
1350 Broadway, Suite 815
New York, NY 10018
(212) 868-6300

# EXHIBIT B

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

BOARD OF TRUSTEES OF THE LOCAL 295/ LOCAL 851 PENSION AND WELFARE TRUST FUNDS

V.

EMPIRE FREIGHT SYSTEMS CORP.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 00525

TO: (Name and address of Defendant)

Empire Freight Systems Corp.
147-20 184th Street
Jamaica, New York 11434

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within __________ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

JAN 22 2008
DATE

(By) DEPUTY CLERK



**Demovsky Lawyer Service**
Premier Nationwide Document Retrieval and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
BOARD OF TRUSTEES OF THE LOCAL 295/
LOCAL 851 PENSION AND WELFARE TRUST FUNDS,

Plaintiffs,

-against-

AFFIDAVIT OF SERVICE
08 CV 00525

EMPIRE FREIGHT SYSTEMS CORP.,

Defendant(s).
---------------------------------------------------X

STATE OF NEW YORK )
S.S.:
COUNTY OF ALBANY )

DEBORAH LaPOINTE, being duly sworn, deposes and says that she is over the age of eighteen years, is employed by the attorney service, D.L.S., INC., and is not a party to this action.

That on the 28TH day of January, 2008, at approximately the time of 12:30P.M., at the office of the Secretary of State, of the State of New York in the City of Albany, New York, deponent served the SUMMONS AND COMPLAINT upon EMPIRE FREIGHT SYSTEMS CORP., the defendant in this action, by delivering to and leaving with DONNA CHRISTIE agent of the Secretary of State, of the State of New York, two (2) true copies thereof and at that time of making such service deponent paid said Secretary of State a fee of forty dollars. That said service was made pursuant to Section, 306 Business Corporation Law.

Deponent further says that she knew the person so served as aforesaid to be the individual in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of said defendant.

DONNA CHRISTIE is a white female, approximately 45 years of age, stands approximately 5 feet 4 inches tall, weighs approximately 145 pounds with blonde hair and blue eyes.

DEBORAH LaPOINTE
Sworn to before me this
28TH day of January, 2008

NOTARY PUBLIC

Notary Public-State of NY
Qualified in Albany Co.
Comm. ... July 31 2010

D.L.S., Inc.
100 State St.
Ste 220
Albany, NY 12207
800-443-1058
www.dlsny.com